IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS J. WINSTON,

    Petitioner,                  No. CIV S-09-3156 FCD EFB P

    vs.

GARY SWARTHOUT[1],

    Respondent.               FINDINGS AND RECOMMENDATIONS

                              /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that the petition fails to state a federal claim. Dckt. No. 14. For the reasons that follow, the motion must be granted in part and denied in part.

**I. Background**

       Petitioner is serving a sentence of five years to life for murder. In 1984, the Marin County Superior Court ordered that petitioner be provided annual parole consideration hearings.

////

////

---

[1] Gary Swarthout is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

1  Resp.'s Mot. to Dism., Ex. A at 7.² Petitioner contends that parole authorities have repeatedly

2  violated that order. Prior to filing this action, petitioner asked the Marin County Superior Court

3  to hold the parole authorities in contempt and impose sanctions for violating the 1984 order by

4  postponing his 2008 hearing to a date past the anniversary of his prior hearing. That court

5  agreed that petitioner is entitled to yearly parole consideration hearings but declined to hold state

6  authorities in contempt or impose sanctions, based on the state's agreement to provide timely

7  yearly hearings. *Id.*, Ex. B at 45.

8      In this case, petitioner contends that:

9    (1) the Marin County Court should have enforced their prior decisions and found
    the Board [of Parole Hearings] to be in contempt, and abused its discretion when
10   it failed to do so; (2) the Board's [sic] violated petitioner's due process and liberty
    interest rights under the Fifth and Fourteenth Amendments of the United States
11   Constitution; and (3) the Marin County decision should be reversed.

12  Pet. at 8.

13  **II.  Respondent's Motion to Dismiss**

14      Respondent contends that the petition must be dismissed because it fails to state a federal

15  claim for relief, as is required by 28 U.S.C. § 2254. *See also Estelle v. McGuire*, 502 U.S. 62, 68

16  (1991) (noting that federal habeas relief is not available to correct errors of state law that do not

17  separately violate federal law). Petitioner responds that he is the beneficiary of a state-created

18  liberty interest – namely, the 1984 state-court judgment entitling him to annual parole

19  consideration hearings. Petitioner argues that the state's failure to provide him annual hearings

20  as required by the judgment therefore violates his federal constitutional right to due process.

21  Respondent has filed no reply addressing petitioner's argument.

22      Both sides are right, in part. The court agrees with petitioner that the 1984 judgment

23  provides him with a state-created liberty interest in annual parole consideration hearings

24  protected by the due process clause. *See Walters v. Grossheim*, 990 F.2d 381, 384-85 (8th Cir.

25

26      ² The court has hand-numbered the pages of the parties' submissions in order from the first to last page of each document or exhibit, and it is to these page numbers the court refers.

1993) (holding that a state-court judgment grounded solely in state law provided an inmate with a liberty interest in a certain level of prison housing).  Thus, petitioner's claim that state authorities deprived him of due process by failing to provide him with annual parole consideration hearings as required by the judgment states a claim under the Due Process Clause of the federal Constitution and is cognizable in this federal habeas proceeding.  However, petitioner additionally claims that the state court "abused its discretion" by not holding state authorities in contempt, a claim that is governed by state law.  Petitioner has cited no authority that the federal Constitution or other federal law entitles him to the specific remedy of holding state authorities in contempt for having violated the 1984 judgment.  As respondent points out, contempt of a state-court order is governed by state law (specifically, California Penal Code § 1505).  Thus, whether the state court erred when it declined to hold state authorities in contempt is a matter of state law and not reviewable in a federal habeas corpus proceeding.  The undersigned therefore recommends that respondent's motion to dismiss be granted in part and that the claims of state-law error in the petition be dismissed.  Because the petition does state a federal claim for violation of due process, however, dismissal of the entire action is inappropriate.

**III. Recommendation**

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's September 28, 2010 motion to dismiss be granted in part, and petitioner's claim that the state court abused its discretion under California Penal Code § 1505 or other state law in declining to impose sanctions be dismissed; and

2. The motion to dismiss be denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4